**JIN–XIANG YANG, Petitioner,**

**v.**

**Alberto R. GONZALES, Respondent.**

**No. 05–1101–ag.**

United States Court of Appeals,
Second Circuit.

March 14, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Mary Beth Buchanan, United States Attorney; Paul E. Skirtich, Assistant United States Attorney, Holly M. Smith, Paralegal Specialist, Pittsburgh, Pennsylvania, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Jin–Xiang Yang, through counsel, petitions for review of the February 2005 order affirming an immigration judge's ("IJ") decision denying his and his wife Xi Juan Fang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

■ The IJ correctly determined that Fang's experiences in the People's Republic of China did not constitute past persecution. We have explained that in the asylum context, "persecution" means that the alleged conduct "must rise above mere harassment." *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004); *see also Ai Feng Yuan v. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005). Here, in alleging that birth control cadres came to her home and took her to gynecological appointments by force, Fang has not described harm that rises to the level of persecution. Additionally, although Fang mentioned in her written application that the authorities threatened to imprison her due to her speeches against the national policy, Fang did not provide any information about the circumstances of these events at the hearing, nor did she claim to have ever been arrested.

■ In addition, substantial evidence supports the IJ's determination that Fang did not establish a well-founded fear of persecution. At the time of her August 2003 hearing before the IJ, Fang had one daughter and was pregnant with a second child. She also testified that she and her husband sought a total of four or five children, but that would not be possible if she returned to China, because she would "face the abortion or sterilization or and also will be fined and sentence." Fang did not, however, offer credible, specific, and detailed evidence supporting her fear that,

upon returning to China, she would be subjected to a forced sterilization due to her having a second child in the United States. Furthermore, her assertions about what might happen if she proceeded with her expressed desire to have four or five children were too speculative to warrant relief. In addition, the IJ reasonably gave little weight to the John Shields Aird Affidavit, because he simply referred in general to Chinese nationals who returned to China and possibly faced persecution, did not testify at the hearing, had no specific knowledge of Fang's case. Accordingly, in the absence of solid support in the record for Fang's assertion that she would be subjected to abortion or forced sterilization, her fear is speculative at best. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

The record additionally supports the IJ's finding that Fang failed to establish any facts or circumstances to show that it is more likely than not that she would be tortured if forced to return to China. In her written application, Fang asserted that she feared being subjected to torture both physically and mentally if she returned to China, and indicated in the same section that she feared being aborted and sterilized. Even assuming that forced abortion and sterilization constitute torture, Fang has failed to establish that her fear of such an occurrence is anything but speculative.

For the foregoing reasons, the petition for review is DENIED. Our review, having been completed, the pending motion for a stay of removal in this petition is DENIED as moot.